Gene Williams (SBN 211390)
GWilliams@InitiativeLegal.com
Dina S. Livhits (SBN 245646)
DLivhits@InitiativeLegal.com
Jennifer Grock (SBN 245671)
JGrock@InitiativeLegal.com
Initiative Legal Group, APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone:  (310) 556-5637
Facsimile:  (310) 861-9051

Attorneys for Plaintiff Tara Hill

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
2010 FEB 16  PM 3: 19
BY

FILED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TARA HILL, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUNGLASS HUT TRADING, LLC, a Delaware Corporation; LUXOTTICA RETAIL NORTH AMERICA INC., an Ohio Corporation<br><br>Defendants. | Case No.:  CV10 1159 GW (SSx)<br><br>COMPLAINT FOR CLASS ACTION<br><br>(1) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Break Premiums);<br>(2) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);<br>(3) Violation of California Labor Code §§ 2800 and 2802 (Unpaid Business Expenses);<br>(4) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination);<br>(5) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment);<br>(6) Violation of California Labor Code § 226(a) (Non-compliant Wage Statements);<br>(7) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);<br>(8) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages); and<br>(9) Violation of California Business & Professions Code §§ 17200, et seq.<br><br>**DEMAND FOR JURY TRIAL** |

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    Plaintiff, individually and on behalf of all other members of the public
2    similarly situated, alleges as follows:

### JURISDICTION AND VENUE

4    1.    This Court has original jurisdiction over the subject matter of this
5    action pursuant to 28 U.S.C. § 1332.  The Court has supplemental jurisdiction
6    over the state law claims pursuant to 28 U.S.C. § 1367.  Plaintiff alleges, on
7    information and belief, that the aggregate amount in controversy for this class
8    action exceeds five-million dollars ($5,000,000.00) exclusive of interest and
9    costs, that the class is greater than 100 members, and that any one plaintiff is a
10   citizen of a state different from that of any defendant.  Plaintiff further alleges,
11   on information and belief, that in excess of two-thirds of the members of the
12   putative class are citizens of the State of California.  *See* Class Action Fairness
13   Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453.

14   2.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and
15   (b) because Defendants maintain offices, have agents, are licensed to transact
16   and do transact business, in this district.

### THE PARTIES

18   3.    Plaintiff TARA HILL is a resident of Los Angeles County in the
19   State of California.

20   4.    Defendant SUNGLASS HUT TRADING, LLC was and is, upon
21   information and belief, a Delaware corporation doing business in California, and
22   at all times hereinafter mentioned, an employer whose employees are engaged
23   throughout this county, the State of California, or the various states of the United
24   States of America.

25   5.    Defendant LUXOTTICA RETAIL NORTH AMERICA INC. was
26   and is, upon information and belief, an Ohio Corporation doing business in
27   California, and at all times hereinafter mentioned, an employer whose employees

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   are engaged throughout this county, the State of California, or the various states
2   of the United States of America.

3       6.      Plaintiff is informed and believes, and thereon alleges, that each and
4   all of the acts and omissions alleged herein was performed by, or is attributable
5   to SUNGLASS HUT TRADING, LLC, and/or LUXOTTICA RETAIL NORTH
6   AMERICA INC. (collectively "Defendants"), each acting as the agent for the
7   other, with legal authority to act on the other's behalf.  The acts of any and all
8   Defendants were in accordance with, and represent the official policy of,
9   Defendants.

10      7.      At all times herein mentioned, Defendants, and each of them,
11  ratified each and every act or omission complained of herein.  At all times herein
12  mentioned, Defendants, and each of them, aided and abetted the acts and
13  omissions of each and all the other Defendants in proximately causing the
14  damages herein alleged.

15      8.      Plaintiff is informed and believes, and thereon alleges, that each of
16  said Defendants is in some manner intentionally, negligently, or otherwise
17  responsible for the acts, omissions, occurrences, and transactions alleged herein.

18                      **CLASS ACTION ALLEGATIONS**

19      9.      Plaintiff brings this action on her own behalf, as well as on behalf of
20  each and all other persons similarly situated, and thus, seek class certification
21  under Federal Rules of Civil Procedure, Rules 23(a), (b)(2), and (b)(3).

22      10.     All claims alleged herein arise under California law for which
23  Plaintiff seeks relief authorized by California law.

24      11.     Plaintiff's proposed subclasses consist of and are defined as:

25          a.      Unpaid Wages Subclass:

26                  All non-exempt or hourly employees of Defendants at
27                  California store locations within four years prior to the filing

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1     of this complaint until the date of certification, other than as

2     released in the settlement of *Pinto v. Luxottica U.S. Holdings*

3     *Corp., et al.* (Orange County Superior Court, Case No.

4     04CC00639).

5          b.     Unreimbursed Business Expenses Subclass:

6          All non-exempt or hourly employees of Defendants who paid

7          for business-related expenses, including expenses for travel

8          and mileage, in California within four years prior to the filing

9          of this complaint until the date of certification, other than as

10         released in the settlement of *Pinto v. Luxottica U.S. Holdings*

11         *Corp., et al.* (Orange County Superior Court, Case No.

12         04CC00639).

13         c.     Non-Compliant Wage Statement Subclass:

14         All non-exempt or hourly employees of Defendants who

15         worked in California and received a wage statement within

16         one year prior to the filing of this complaint until the date of

17         certification, other than as released in the settlement of *Pinto*

18         *v. Luxottica U.S. Holdings Corp., et al.* (Orange County

19         Superior Court, Case No. 04CC00639).

20    12.   Plaintiff reserves the right to establish additional subclasses as

21    appropriate.

22    13.   There is a well-defined community of interest in the litigation and

23    the class is readily ascertainable:

24         a.     Numerosity:  The members of the class (and each subclass, if

25         any) are so numerous that joinder of all members would be

26         unfeasible and impractical.  The membership of the entire

27         class is unknown to Plaintiff at this time, however, the class is

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

estimated to be greater than one-hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b. Typicality: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom she has a well- defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all class members' as demonstrated herein.

c. Adequacy: Plaintiff is qualified to, and will, fairly and adequately, protect the interests of each class member with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that she has an obligation to make known to the Court any relationship, conflicts or differences with any class member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d. Superiority: The nature of this action makes the use of class action adjudication superior to other methods. Class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

1                  e.      <u>Public Policy Considerations</u>: Employers in the State of

2                        California violate employment and labor laws every day.

3                        Current employees are often afraid to assert their rights out of

4                        fear of direct or indirect retaliation.  Former employees are

5                        fearful of bringing actions because they believe their former

6                        employers might damage their future endeavors through

7                        negative references and/or other means.  Class actions provide

8                        the class members who are not named in the complaint with a

9                        type of anonymity that allows for the vindication of their

10                       rights at the same time as their privacy is protected.

11      14.   There are common questions of law and fact as to the class (and

12   each subclass, if any) that predominate over questions affecting only individual

13   members, including but not limited to:

14                 a.      Whether Defendants' failure to pay wages, without abatement

15                       or reduction, in accordance with the California Labor Code,

16                       was willful;

17                 b.      Whether Defendants deprived Plaintiff and class members of

18                       meal periods or required Plaintiff and class members to work

19                       during meal periods without compensation;

20                 c.      Whether Defendants deprived Plaintiff and class members of

21                       rest periods or required Plaintiff and class members to work

22                       during rest periods without compensation;

23                  d.      Whether Defendants failed to pay all wages earned by

24                       Plaintiff and class members;

25                 e.      Whether Defendants failed to indemnify and/or reimburse

26                       Plaintiff and class members for necessary and required

27                       business-related expenditures and/or losses incurred by them

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  in the scope of their employment;

2  f.  Whether Defendants failed to timely pay all wages due to

3  Plaintiff and class members upon their discharge or

4  resignation;

5  g.  Whether Defendants complied with wage reporting as

6  required by the California Labor Code, including but not

7  limited to section 226;

8  h.  Whether Defendants' conduct was willful or reckless;

9  i.  Whether Defendants paid all overtime wages owed and due to

10  Plaintiffs and class members;

11  j.  Whether Defendants failed to pay at least the minimum wage

12  as required by California law for all hours worked by

13  Plaintiffs and the class members;

14  k.  Whether Defendants engaged in unfair business practices in

15  violation of California Business & Professions Code sections

16  17200, *et seq.*; and

17  l.  The appropriate amount of damages, restitution, or monetary

18  penalties resulting from Defendants' violations of California

19  law.

20  **GENERAL ALLEGATIONS**

21  15.  At all times set forth, Defendants employed Plaintiff and other

22  persons as non-exempt or hourly paid employees.

23  16.  Defendants employed Plaintiff TARA HILL as a non-exempt or

24  hourly "Store Manager" from about June 2007 to about March 2009 at

25  Defendants' Northridge business location in Los Angeles County, California.

26  17.  Defendants continue to employ non-exempt or hourly employees

27  within California.

28

CLASS ACTION COMPLAINT

18.   Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

19.   Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and class members' regular rate of pay when they did not receive a timely uninterrupted meal period.

20.   Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and class members' regular rate of pay when a rest period was missed.

21.   Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and class members were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment, and that they did not receive full reimbursement of applicable business-related expenses and costs they incurred.

22.   Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and class members were entitled to receive all the wages owed to them upon discharge.

23.   Plaintiff is informed and believes, and on that basis alleges that Defendants knew or should have known that Plaintiff and class members were entitled to receive complete and accurate wage statements in accordance with California law.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

24.     Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

25.     Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for compensation.

26.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff and class members, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiff and other class members that they were properly denied wages, all in order to increase Defendants' profits.

27.     California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

**FIRST CAUSE OF ACTION**

**Violation of California Labor Code §§ 226.7 and 512(a)**

**(Against All Defendants)**

28.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 27.

29.     At all relevant times, the applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and class members' employment by Defendants.

30.     At all relevant times, California Labor Code section 226.7 provides

1    that no employer shall require an employee to work during any meal period
2    mandated by an applicable order of the California IWC.

3        31.    At all relevant times, the applicable IWC Wage Order and
4    California Labor Code section 512(a) provide that an employer may not require,
5    cause or permit an employee to work for a period of more than five (5) hours per
6    day without providing the employee with an uninterrupted meal period of not
7    less than thirty (30) minutes, except that if the total work period per day of the
8    employee is not more than six (6) hours, the meal period may be waived by
9    mutual consent of both the employer and the employee.

10       32.    At all relevant times, the applicable IWC Wage Order and
11   California Labor Code section 512(a) further provide that an employer may not
12   require, cause or permit an employee to work for a period of more than ten (10)
13   hours per day without providing the employee with a second uninterrupted meal
14   period of not less than thirty (30) minutes, except that if the total hours worked is
15   not more than twelve (12) hours, the second meal period may be waived by
16   mutual consent of the employer and the employee only if the first meal period
17   was not waived.

18       33.    During the relevant time period, Plaintiff and class members who
19   were scheduled to work for a period of time no longer than six (6) hours, and
20   who did not waive their legally-mandated meal periods by mutual consent, were
21   required to work for periods longer than five (5) hours without an uninterrupted
22   meal period of not less than thirty (30) minutes.

23       34.    During the relevant time period, Plaintiff and class members who
24   were scheduled to work for a period of time in excess of six (6) hours were
25   required to work for periods longer than five (5) hours without an uninterrupted
26   meal period of not less than thirty (30) minutes.

27       35.    During the relevant time period, Plaintiff and class members who
28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   were scheduled to work in excess of ten (10) hours but no longer than twelve

2   (12) hours, and who did not waive their legally-mandated meal periods by

3   mutual consent were required to work in excess of ten (10) hours without

4   receiving a second uninterrupted meal period of not less than thirty (30) minutes.

5       36.    During the relevant time period, Plaintiff and class members who

6   were scheduled to work for a period of time in excess of twelve (12) hours were

7   required to work for periods longer than ten (10) hours without a second

8   uninterrupted meal period of not less than thirty (30) minutes.

9       37.    During the relevant time period, Defendants willfully required

10   Plaintiff and class members to work during meal periods and failed to

11   compensate Plaintiff and class members for work performed during meal

12   periods.

13       38.    During the relevant time period, Defendants failed to pay Plaintiff

14   and class members the full meal period premium due pursuant to California

15   Labor Code section 226.7.

16       39.    Defendants' conduct violates the applicable IWC Wage Orders and

17   California Labor Code sections 226.7 and 512(a).

18       40.    Pursuant to the applicable IWC Wage Order and California Labor

19   Code section 226.7(b), Plaintiff and class members are entitled to recover from

20   Defendants one additional hour of pay at the employees' regular hourly rate of

21   compensation for each work day that the meal period was not provided.

**SECOND CAUSE OF ACTION**

**Violation of California Labor Code § 226.7**

**(Against All Defendants)**

25       41.    Plaintiff incorporates by reference and re-alleges as if fully stated

26   herein the material allegations set out in paragraphs 1 through 40.

27       42.    At all relevant times, the applicable IWC Wage Order and

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  California Labor Code section 226.7 were applicable to Plaintiff's and class
2  members' employment by Defendants.

3      43.    At all relevant times, California Labor Code section 226.7 provides
4  that no employer shall require an employee to work during any rest period
5  mandated by an applicable order of the California IWC.

6      44.    At all relevant times, the applicable IWC Wage Order provides that
7  "[e]very employer shall authorize and permit all employees to take rest periods,
8  which insofar as practicable shall be in the middle of each work period" and that
9  the "rest period time shall be based on the total hours worked daily at the rate of
10 ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless
11 the total daily work time is less than three and one-half (3½) hours.

12     45.    During the relevant time period, Defendants required Plaintiff and
13 class members to work four (4) or more hours without authorizing or permitting
14 a ten (10) minute rest period per each four (4) hour period worked.

15     46.    During the relevant time period, Defendants willfully required
16 Plaintiff and class members to work during rest periods and failed to compensate
17 Plaintiff and class members for work performed during rest periods.

18     47.    During the relevant time period, Defendants failed to pay Plaintiff
19 and class members the full rest period premium due pursuant to California Labor
20 Code section 226.7.

21     48.    Defendants' conduct violates the applicable IWC Wage Orders and
22 California Labor Code section 226.7.

23     49.    Pursuant to the applicable IWC Wage Order and California Labor
24 Code section 226.7(b), Plaintiff and class members are entitled to recover from
25 Defendants one additional hour of pay at the employee's regular hourly rate of
26 compensation for each work day that the rest period was not provided.

27 ///

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

### THIRD CAUSE OF ACTION

#### Violation of California Labor Code §§ 2800 and 2802

#### (Against All Defendants)

50.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 49.

51.     At all relevant times, California Labor Code sections 2800 and 2802 provide that an employer must reimburse employees for all necessary expenditures.

52.     Plaintiff and class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants, including and without limitation, travel costs, including mileage expenses and gasoline expenses that necessarily resulted from their employment with Defendants. Specifically, Defendants had, and continue to have, a policy and practice of requiring employees, including Plaintiff and class members, to pay for travel costs from their own funds.  Defendants had, and continue to have, a policy of not reimbursing employees, including Plaintiff and class members, for said business-related expenses and costs.

53.     Defendants have intentionally and willfully failed to fully reimburse Plaintiff and class members for necessary business-related expenses and costs.

54.     Plaintiff and class members are entitled to recover from Defendants their business-related expenses incurred during the course and scope of their employment, plus interest, pursuant to California Labor Code sections 2800 and 2802.

### FOURTH CAUSE OF ACTION

#### Violation of California Labor Code §§ 201 and 202

#### (Against All Defendants)

55.     Plaintiff incorporates by reference and re-alleges as if fully stated

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1 | herein the material allegations set out in paragraphs 1 through 54.

2 |      56.    At all relevant times, California Labor Code sections 201 and 202

3 | provide that if an employer discharges an employee, the wages earned and

4 | unpaid at the time of discharge are due and payable immediately, and that if an

5 | employee voluntarily leaves his or her employment, his or her wages shall

6 | become due and payable not later than seventy-two (72) hours thereafter, unless

7 | the employee has given seventy-two (72) hours previous notice of his or her

8 | intention to quit, in which case the employee is entitled to his or her wages at the

9 | time of quitting.

10 |      57.    During the relevant time period, Defendants willfully failed to pay

11 | Plaintiff and class members who are no longer employed by Defendants their

12 | wages, earned and unpaid, either at the time of discharge, or within seventy-two

13 | (72) hours of their leaving Defendants' employ.  Plaintiff and class members did

14 | not receive their final wages within the statutorily mandated time period and, any

15 | late payments of final wages did not include all wages owed and due to Plaintiff

16 | and class members.

17 |      58.    Defendants' failure to pay Plaintiff and those class members who

18 | are no longer employed by Defendants their wages earned and unpaid at the time

19 | of discharge, or within seventy-two (72) hours of their leaving Defendants'

20 | employ, is in violation of California Labor Code sections 201 and 202.

21 |      59.    California Labor Code section 203 provides that if an employer

22 | willfully fails to pay wages owed, in accordance with sections 201 and 202, then

23 | the wages of the employee shall continue as a penalty from the due date, and at

24 | the same rate until paid or until an action is commenced; but the wages shall not

25 | continue for more than thirty (30) days.

26 |      60.    Plaintiff and class members are entitled to recover from Defendants

27 | the statutory penalty wages for each day they were not paid, up to a thirty (30)

28 |

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

CLASS ACTION COMPLAINT

1    day maximum pursuant to California Labor Code section 203.

2    **FIFTH CAUSE OF ACTION**

3    **Violation of California Labor Code § 204**

4    **(Against All Defendants)**

5        61.    Plaintiff incorporates by reference and re-allege as if fully stated

6    herein the material allegations set out in paragraphs 1 through 60.

7        62.    At all relevant times, California Labor Code section 204 provides

8    that all wages earned by any person in any employment between the first and the

9    fifteenth days, inclusive, of any calendar month, other than those wages due

10   upon termination of an employee, are due and payable between the sixteenth and

11   the twenty-sixth day of the month during which the labor was performed.

12       63.    At all relevant times, California Labor Code section 204 provides

13   that all wages earned by any person in any employment between the sixteenth

14   and the last day, inclusive, of any calendar month, other than those wages due

15   upon termination of an employee, are due and payable between the 1st and the

16   10th day of the following month.

17       64.    At all relevant times, California Labor Code section 204 provides

18   that all wages earned for labor in excess of the normal work period shall be paid

19   no later than the payday for the next regular payroll period.

20       65.    During the relevant time period, Defendants willfully failed to pay

21   Plaintiff and class members all wages due to them, within any time period

22   permissible by California Labor Code section 204.

23       66.    Plaintiff and class members are entitled to recover all remedies

24   available for violations of California Labor Code section 204.

25   ///

26   ///

27   ///

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

CLASS ACTION COMPLAINT

# SIXTH CAUSE OF ACTION

## Violation of California Labor Code § 226(a)

### (Against All Defendants)

67.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 66.

68.     At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including all applicable hourly rates.

69.     Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to list all applicable hourly rates.

70.     As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and class members have suffered injury and damage to their statutorily-protected rights.

71.     Specifically, Plaintiff and class members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code section 226(a).

72.     Plaintiff and class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

73.     Plaintiff and class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

**SEVENTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 510 and 1198**

**(Against All Defendants)**

74.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 73.

75.     California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

76.     Specifically the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

77.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and class members employed by Defendants, and working more than twelve (12) hours in a day, overtime compensation at a rate of two times their regular rate of pay.

78.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

1    79.    During the relevant time period, Plaintiff and class members
2    consistently worked in excess of eight (8) hours in a day, in excess of twelve
3    (12) hours in a day, and/or in excess of forty (40) hours in a week, including but
4    not limited to, hours worked off the clock to open the store prior to their shift, to
5    close the store at the end of business, and/or to secure the store while the
6    employee took a meal break.

7    80.    During the relevant time period, Defendants willfully failed to pay
8    all overtime wages owed to Plaintiff and class members.

9    81.    Defendants' failure to pay Plaintiff and class members the unpaid
10   balance of overtime compensation, as required by California laws, violates the
11   provisions of California Labor Code sections 510 and 1198, and is therefore
12   unlawful.

13   82.    Pursuant to California Labor Code section 1194, Plaintiff and class
14   members are entitled to recover their unpaid overtime compensation, as well as
15   interest, costs, and attorneys' fees.

**EIGHTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 1194, 1197, and 1197.1**

**(Against All Defendants)**

19   83.    Plaintiff incorporates by reference and re-alleges as if fully stated
20   herein the material allegations set out in paragraphs 1 through 82.

21   84.    At all relevant times, California Labor Code sections 1194, 1197,
22   and 1197.1 provide that the minimum wage for employees fixed by the Industrial
23   Welfare Commission is the minimum wage to be paid to employees, and the
24   payment of a lesser wage than the minimum so fixed is unlawful.

25   85.    At all relevant times, California Labor Code sections 1194, 1197,
26   and 1197.1 provide that the minimum wage for employees fixed by the Industrial
27   Welfare Commission is the minimum wage to be paid to employees, and the

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    payment of a lesser wage than the minimum so fixed is unlawful.

2         86.   During the relevant time period, Defendants regularly failed to pay

3    minimum wage to Plaintiff and class members as required, pursuant to Labor

4    Code section 1194, 1197, and 1197.1, including, but not limited to, time spent

5    working off-the-clock while opening and closing stores at the beginning and end

6    of business and to take breaks.

7         87.   Defendants' failure to pay Plaintiff and class members the minimum

8    wage as required violates California Labor Code sections 1194, 1197, and

9    1197.1.  Pursuant to those sections Plaintiff and class members are entitled to

10   recover the unpaid balance of their minimum wage compensation as well as

11   interest, costs, and attorney's fees, and liquidated damages in an amount equal to

12   the wages unlawfully unpaid and interest thereon.

13        88.   Pursuant to California Labor Code section 1197.1, Plaintiff and

14   class members are entitled to recover a penalty of $100.00 for the initial failure

15   to timely pay each employee minimum wages, and $250.00 for each subsequent

16   failure to pay each employee minimum wages.

17        89.   Pursuant to California Labor Code section 1194.2, Plaintiff and

18   class members are entitled to recover liquidated damages in an amount equal to

19   the wages unlawfully unpaid and interest thereon.

20                          **NINTH CAUSE OF ACTION**

21   **Violation of California Business & Professions Code §§ 17200, *et seq.***

22                        **(Against All Defendants)**

23        90.   Plaintiff incorporates by reference and re-alleges as if fully stated

24   herein the material allegations set out in paragraphs 1 through 89.

25        91.   Defendants' conduct, as alleged herein, has been, and continues to

26   be, unfair, unlawful, and harmful to Plaintiff, other class members, and to the

27   general public.  Plaintiff seeks to enforce important rights affecting the public

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    interest within the meaning of Code of Civil Procedure section 1021.5.

2          92.    Defendants' activities, as alleged herein, are violations of California

3    law, and constitute unlawful business acts and practices in violation of California

4    Business & Professions Code sections 17200, *et seq.*

5          93.    A violation of California Business & Professions Code sections

6    17200, *et seq.* may be predicated on the violation of any state or federal law.  In

7    this instant case, Defendants' policies and practices of requiring non-exempt or

8    hourly paid employees, including Plaintiff and class members, to work through

9    their meal and rest periods without paying them proper compensation violate

10   California Labor Code sections 226.7 and 512(a).  Defendants' policies and

11   practices of failing to timely pay wages to Plaintiff and class members violate

12   California Labor Code sections 201, 202 and 204.  Moreover, Defendants'

13   policies and practices of not reimbursing its employees, including Plaintiff and

14   class members, for business-related expenses and costs violate California Labor

15   Code sections 2800 and 2802.

16         94.    Plaintiff and putative class members have been personally injured

17   by Defendants' unlawful business acts and practices as alleged herein, including

18   but not necessarily limited to the loss of money or property.

19         95.    Pursuant to California Business & Professions Code sections 17200,

20   *et seq.*, Plaintiff and putative class members are entitled to restitution of the

21   wages withheld and retained by Defendants during a period that commences four

22   years prior to the filing of this complaint; a permanent injunction requiring

23   Defendants to pay all outstanding wages due to Plaintiff and class members; an

24   award of attorneys' fees pursuant to California Code of Civil Procedure section

25   1021.5 and other applicable laws; and an award of costs.

**REQUEST FOR JURY TRIAL**

27         Plaintiff requests a trial by jury.

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

## PRAYER FOR RELIEF

Plaintiff, and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the Class; and

3. That counsel for Plaintiff be appointed as Class Counsel.

### As to the First Cause of Action

4. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and class members;

5. That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

6. For all actual, consequential, and incidental losses and damages, according to proof;

7. For premiums pursuant to California Labor Code section 226.7(b);

8. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

9. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second Cause of Action

10. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and class members;

11. That the Court make an award to the Plaintiff and class members of

1   one (1) hour of pay at each employee's regular rate of compensation for each

2   workday that a rest period was not provided;

3       12.    For all actual, consequential, and incidental losses and damages,

4   according to proof;

5       13.    For premiums pursuant to California Labor Code section 226.7(b);

6       14.    For pre-judgment interest on any unpaid wages from the date such

7   amounts were due; and

8       15.    For such other and further relief as the Court may deem equitable

9   and appropriate.

10   **As to the Third Cause of Action**

11       16.    That the Court declare, adjudge and decree that Defendants violated

12   California Labor Code sections 2800 and 2802 by willfully failing to pay all

13   business-related expenses owed to Plaintiff and class members;

14       17.    For unpaid wages and such general and special damages as may be

15   appropriate;

16       18.    For pre-judgment interest on any unpaid wages from the date such

17   amounts were due;

18       19.    For all actual, consequential and incidental losses and damages,

19   according to proof; and

20       20.    For such other and further relief as the Court may deem equitable

21   and appropriate.

22   **As to the Fourth Cause of Action**

23       21.    That the Court declare, adjudge and decree that Defendants violated

24   California Labor Code sections 201, 202, and 203 by willfully failing to pay all

25   compensation owed at the time of termination of the employment of Plaintiff and

26   other class members no longer employed by Defendants;

27       22.    For all actual, consequential and incidental losses and damages,

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

CLASS ACTION COMPLAINT

1   according to proof;

2        23.    For statutory wage penalties pursuant to California Labor Code

3   section 203 for Plaintiff and all other class members who have left Defendants'

4   employ;

5        24.    For pre-judgment interest on any unpaid wages from the date such

6   amounts were due; and

7        25.    For such other and further relief as the Court may deem equitable

8   and appropriate.

9                   **As to the Fifth Cause of Action**

10       26.    That the Court declare, adjudge and decree that Defendants violated

11   California Labor Code section 204 by willfully failing to pay all compensation

12   owed at the time required by California Labor Code section 204, to Plaintiff and

13   class members;

14       27.    For all actual, consequential and incidental losses and damages,

15   according to proof;

16       28.    For pre-judgment interest on any untimely paid compensation, from

17   the date such amounts were due; and

18       29.    For such other and further relief as the Court may deem equitable

19   and appropriate.

20                   **As to the Sixth Cause of Action**

21       30.    That the Court declare, adjudge and decree that Defendants violated

22   the record keeping provisions of California Labor Code section 226(a) and

23   applicable IWC Wage Orders as to Plaintiff and class members, and willfully

24   failed to provide accurate itemized wage statements thereto;

25       31.    For all actual, consequential and incidental losses and damages,

26   according to proof;

27       32.    For statutory penalties pursuant to California Labor Code section

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    226(e);

2        33.    For injunctive relief to ensure compliance with this section, pursuant

3    to California Labor Code section 226(g); and

4        34.    For such other and further relief as the Court may deem equitable

5    and appropriate.

6                    **As to the Seventh Cause of Action**

7        35.    That the Court declare, adjudge and decree that Defendants violated

8    California Labor Code sections 510 and 1198 and applicable IWC Wage Orders

9    by willfully failing to pay all overtime wages due to Plaintiff and Class

10   Members;

11       36.    For general unpaid wages at overtime wage rates and such general

12   and special damages as may be appropriate;

13       37.    For pre-judgment interest on any unpaid overtime compensation

14   commencing from the date such amounts were due;

15       38.    For reasonable attorneys' fees and for costs of suit incurred herein

16   pursuant to California Labor Code section 1194(a);

17       39.    For such other and further relief as the Court may deem equitable

18   and appropriate.

19                    **As to the Eighth Cause of Action**

20       40.    That the Court declare, adjudge and decree that Defendants violated

21   California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to

22   pay minimum wages to Plaintiff and class members;

23       41.    For general unpaid wages and such general and special damages as

24   may be appropriate;

25       42.    For statutory wage penalties pursuant to California Labor Code

26   section 1197.1 for Plaintiff and class members in the amount as may be

27   established according to proof at trial;

28

CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  43.  For pre-judgment interest on any unpaid compensation from the date
2  such amounts were due;

3  44.  For reasonable attorneys' fees and for costs of suit incurred herein
4  pursuant to California Labor Code section 1194(a);

5  45.  For liquidated damages pursuant to California Labor Code section
6  1194.2; and

7  46.  For such other and further relief as the Court may deem equitable
8  and appropriate.

9  ## As to the Ninth Cause of Action

10  47.  That the Court declare, adjudge and decree that Defendants violated
11  California Business and Professions Code sections 17200, *et seq.* by failing to
12  provide all meal and rest periods to Plaintiff and class members, failing to pay
13  for all missed meal and rest periods to Plaintiff and class members, failing to
14  reimburse Plaintiff and class members for all business-related expenses, and
15  failing to pay Plaintiff's and class members' wages timely as required by
16  California Labor Code sections 201, 202 and 204;

17  48.  For restitution of unpaid wages to Plaintiff and all class members
18  and prejudgment interest from the day such amounts were due and payable;

19  49.  For the appointment of a receiver to receive, manage and distribute
20  any and all funds disgorged from Defendants and determined to have been
21  wrongfully acquired by Defendants as a result of violations of California
22  Business & Professions Code sections 17200 *et seq.*;

23  50.  For reasonable attorneys' fees and costs of suit incurred herein
24  pursuant to California Code of Civil Procedure section 1021.5;

25  51.  For injunctive relief to ensure compliance with this section, pursuant
26  to California Business & Professions Code sections 17200, *et seq.*; and

27  52.  For such other and further relief as the Court may deem equitable
28

CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

and appropriate.

Dated:  February 16, 2010

Respectfully submitted,

Initiative Legal Group, APC

By: _____
Gene Williams
Dina S. Livhits
Jennifer Grock

Attorneys for Plaintiff Tara Hill

INITIATIVE LEGAL GROUP, APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

CLASS ACTION COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV10- 1159 GW (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [_] Southern Division | [_] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Gene Williams (SBN 211390)
Dina S. Livhits (SBN 245646)
Initiative Legal Group APC
1800 Century Park East, 2nd Flr., LA, CA 90067
(See attached ATTACHMENT TO SUMMONS)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARA HILL, individually, and on behalf of other members of the general public similarly situated,<br><br>PLAINTIFF(S)<br>v. | CASE NUMBER<br><br>**CV10 1159 GW (SSx)** |
| SUNGLASS HUT TRADING, LLC, a Delaware Corporation; LUXOTTICA RETAIL NORTH AMERICA INC., an Ohio Corporation<br><br>DEFENDANT(S). | **SUMMONS** |

TO:     DEFENDANT(S): _____
_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Initiative Legal Group APC_____, whose address is _1800 Century Park East, 2nd Floor, Los Angeles, California 90067_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

FEB 16 2010

Dated: _____

By: _____**CHRISTOPHER POWERS**_____
          Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

ORIGINAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTACHMENT TO SUMMONS**

**ATTORNEYS FOR PLAINTIFFS AND CLASS MEMBERS:**

Gene Williams (SBN 211390)
GWilliams@InitiativeLegal.com
Dina S. Livhits (SBN 245646)
DLivhits@InitiativeLegal.com
Jennifer Grock (SBN 245671)
JGrock@InitiativeLegal.com
INITIATIVE LEGAL GROUP APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone:   (310) 556-5634
Facsimile:   (310) 861-9051

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself □)<br>TARA HILL, individually, and on behalf of other members of the general public similarly situated | **DEFENDANTS**<br>SUNGLASS HUT TRADING, LLC, a Delaware Corporation; LUXOTTICA RETAIL NORTH AMERICA INC., an Ohio Corporation |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Initiative Legal Group APC      Telephone: 310-556-5637<br>1800 Century Park East, 2nd Floor, Los Angeles, CA 90067<br>(See attached ATTACHMENT TO CIVIL COVER SHEET) | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- □ 1 U.S. Government Plaintiff
- □ 2 U.S. Government Defendant
- □ 3 Federal Question (U.S. Government Not a Party)
- ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☑ 1 Original Proceeding
- □ 2 Removed from State Court
- □ 3 Remanded from Appellate Court
- □ 4 Reinstated or Reopened
- □ 5 Transferred from another district (specify):
- □ 6 Multi-District Litigation
- □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes □ No     □ **MONEY DEMANDED IN COMPLAINT: $** 5,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453; 28 U.S.C. § 1367; 28 U.S.C. § 1391(a) and (b); Brief Description: Diversity

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER<br>PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 530 General | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 535 Death Penalty | |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 470 Racketeer Influenced and Corrupt Organizations | | □ 345 Marine Product Liability | BANKRUPTCY | □ 550 Civil Rights | ☑ 790 Other Labor Litigation |
| □ 480 Consumer Credit | □ 151 Medicare Act | □ 350 Motor Vehicle | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 355 Motor Vehicle Product Liability | □ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| □ 810 Selective Service | | □ 360 Other Personal Injury | CIVIL RIGHTS | □ 610 Agriculture | □ 820 Copyrights |
| □ 850 Securities/Commodities/ Exchange | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 362 Personal Injury-Med Malpractice | □ 441 Voting | □ 620 Other Food & Drug | □ 830 Patent |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 365 Personal Injury-Product Liability | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 890 Other Statutory Actions | □ 190 Other Contract | | □ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 892 Economic Stabilization Act | □ 196 Franchise | REAL PROPERTY | □ 445 American with Disabilities - Employment | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 893 Environmental Matters | REAL PROPERTY | □ 210 Land Condemnation | | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 894 Energy Allocation Act | □ 210 Land Condemnation | □ 220 Foreclosure | □ 446 American with Disabilities - Other | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 895 Freedom of Info. Act | □ 220 Foreclosure | □ 230 Rent Lease & Ejectment | □ 440 Other Civil Rights | □ 690 Other | □ 865 RSI (405(g)) |
| □ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | □ 230 Rent Lease & Ejectment | □ 240 Torts to Land | IMMIGRATION | | FEDERAL TAX SUITS |
| □ 950 Constitutionality of State Statutes | □ 240 Torts to Land | □ 245 Tort Product Liability | □ 462 Naturalization Application | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| | □ 245 Tort Product Liability | □ 290 All Other Real Property | □ 463 Habeas Corpus-Alien Detainee | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 290 All Other Real Property | | □ 465 Other Immigration Actions | | |

Conformed Copy

CV10 1159

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑Yes
If yes, list case number(s): Jenkins vs. Sunglass Hut, U.S. District Court, Central District of CA, Case No.: 2:08-cv-05394 AHS (MLGx)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)    ☑A. Arise from the same or closely related transactions, happenings, or events; or
                 ☑B. Call for determination of the same or substantially related or similar questions of law and fact; or
                 ☑C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                 ☐D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | SUNGLASS HUT TRADING, LLC, a Delaware Corporation; LUXOTTICA RETAIL NORTH AMERICA INC., an Ohio Corporation |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
      Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties | All other California Counties |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER):  _____       Date February 16, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## ATTACHMENT TO CIVIL COVER SHEET

## ATTORNEYS FOR PLAINTIFFS AND CLASS MEMBERS:

Gene Williams (SBN 211390)
GWilliams@InitiativeLegal.com
Dina S. Livhits (SBN 245646)
DLivhits@InitiativeLegal.com
Jennifer Grock (SBN 245671)
JGrock@InitiativeLegal.com
INITIATIVE LEGAL GROUP APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone:   (310) 556-5634
Facsimile:   (310) 861-9051